IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **DIANE J. and LARRY JACKSON,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | Civil Action No. |
| v. | : | 3:11-CV-51 (CAR) |
| | : | |
| **BANK OF AMERICA, N.A.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**SECOND ORDER ON MOTION TO DISMISS**

Plaintiffs Diane and Larry Jackson ("Plaintiffs") filed the present action alleging that Defendant Bank of America unlawfully foreclosed on their real property located at 1430 South Dogwood Road, Woodville, Greene County, Georgia 30669. Defendants subsequently filed a Motion to Dismiss [Doc. 4]. On August 8, 2011, this Court granted Defendant's Motion and dismissed Plaintiff's *pro se* Complaint in so far as Plaintiffs attempted to state (1) a claim based on Bank of America's alleged failure to produce or record Plaintiffs' original note or (2) a clam based upon "vapor money" or "no money lent" theory.

The Court further observed, however, that Plaintiffs' Complaint also alleged that Bank of America is liable for the "criminal act" of "fraudulent conversion" of property. The Complaint in fact alleges that Bank of America used "legalese" in the mortgage documents

1

"as a means of converting Real Property from" and defrauding "its true owner" and that Bank of America is now fraudulently claiming possession of the promissory note when the real note was "purposely destroyed" in furtherance of Bank of America's "fraudulent and unlawful acts to 'securitize' the note." After examining these allegations, this Court stated,

> Obviously, Plaintiffs cannot state any "criminal" claims in a civil action. Likewise, Plaintiffs' conclusory assertions that a mortgage contract is fraudulent or unfair because of the use of legal wording is wholly insufficient to state a fraud claim.  See Kalpak v. EMC Mortg. Corp., 3:11-CV-49-CAR, 2011 WL 2711182 at *3 (M.D. Ga. July 13, 2011).  Plaintiffs assert no facts to show that Bank of America knowingly sought to defraud Plaintiffs by confusing them with complex legal terminology and then inducing them to sign a contract.  Moreover, Plaintiffs allege no facts to support any false representation by Bank of America or any resulting damage to Plaintiffs. Plaintiffs make only a conclusory statement that the use of "legalese" in the mortgage contract led them to be defrauded without presenting any facts to substantiate the claim.  These allegations fail to state a claim for fraud.  See id.
>
> The same is true for Plaintiffs' allegations that Bank of America is now fraudulently claiming possession of the promissory note when the real note was "purposely destroyed" in furtherance of Bank of America's "fraudulent and unlawful acts to 'securitize' the note." While these statements may be Plaintiffs' beliefs, these beliefs are unsubstantiated by any allegation of fact and are thus merely unsupported conclusory statements.  Again, baseless assertions wholly unsupported by facts fail to state a claim for fraud. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all of the allegations in the complaint are true (even if doubtful in fact).").

(See Order, Aug. 8, 2011 [Doc. 12] pp. 5-6).

Bank of America, however, failed to raise objection or move to dismiss Plaintiffs'

2

fraud claims. The Court thus raised the issue *sua sponte* and allowed Plaintiffs time to respond. See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc., 695 F.2d 524, 526B27 (11th Cir. 1983) (prohibiting the *sua sponte* dismissal of a claim as meritless under Rule 12(b)(6) where the district court did not provide plaintiff certain procedural safeguards). Plaintiffs have since filed a "Motion for Reconsideration" [Doc. 12] which this Court construes as the response.

Plaintiffs' response fails to persuade the Court that they have or can state a viable claim for fraud against Bank of America based upon these or other allegations. Plaintiffs merely allege that the Bank of America loan number used in the foreclosure action was different from the Old Kent Mortgage loan number shown on the Promissory Note. This additional allegation does not, in and of itself, suggest fraud and is insufficient to save Plaintiffs' claim. Plaintiffs' only other argument – that a photocopy of the Deed of Trust and Promissory Note should not be admissible under the "best evidence" rule – is inapposite to the present inquiry.

The Court thus finds that Plaintiffs fail to state a claim for fraud in the Complaint. The remainder of Plaintiff's Complaint is hereby **DISMISSED** without prejudice.

SO ORDERED, this 14th day of September, 2011

                                         S/ C. Ashley Royal
                                         C. ASHLEY ROYAL
                                         UNITED STATES DISTRICT JUDGE

jlr